UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY A. MCCAMEY,

                Plaintiff,

v.

SERGEANT SMITH,

                Defendant.

CASE NO. C17-0433-RSL-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Snohomish County Jail and proceeds with this action *pro se* and *in forma pauperis*. Plaintiff submitted an amended complaint raising claims associated with his prior incarceration by the Washington State Department of Corrections (DOC) in April and May of 2016, and naming Washington State, the DOC, Correctional Officer Karlson, Sergeant Smith, and Investigator Scott Anderson as defendants. (Dkt. 8.) The Court, having reviewed the amended complaint, finds and concludes as follows.

/ / /

REPORT AND RECOMMENDATION
PAGE - 1

## DISCUSSION

In order to sustain a § 1983 claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). He must show named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A.  State Defendants

Plaintiff names Washington State and the DOC as defendants. However, neither states, nor entities that are arms of the state, such as the DOC, are persons for purposes of § 1983. *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). *See also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens). Accordingly, plaintiff's claims against Washington State and the DOC should be dismissed.

B.  Eighth Amendment Claim

Plaintiff avers he was sexually harassed by inmates during his DOC incarceration. In his original proposed complaint, he described verbal harassment and two physical assaults by an inmate "where he slapped my butt." (Dkt. 5 at 3.) He indicated defendant Karlson forwarded his report of harassment to defendant Smith, and Smith moved plaintiff to a different cell in the same unit. This action stopped the harassment on the unit "for about 3 days," but the harassment continued "off unit during yards & gym" for some fifty-eight days thereafter. (*Id*.) Later, after plaintiff was released and re-violated, "a true and formal investigation went into effect[,]" including an interview with defendant Anderson, who informed plaintiff "he would get to the

bottom of the incident and that the instigators of the harassment and assaults would be punished to the extent of his capacity." (*Id*. at 3, 5.) Plaintiff was later informed his claim was unfounded.

Plaintiff maintained he was subjected to cruel and unusual punishment "because an authoritative individual Sgt. Smith . . . did not do a full investigation and in fact did tell me should I pursue it while in WCC [sic] that I would be removed to the IMU to await the outcome of the investigation[,]" and that plaintiff "took this to be a direct threat and intimidation tactic of Sgt. Smith." (*Id*. at 5.) Plaintiff also stated defendants "<u>allowed</u> [him] to be harassed sexually for an additional 58 days after reporting the sexual harassment." (*Id*.)

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).

Under the Eighth Amendment, "'[p]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners.'" *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer*, 511 U.S. at 833). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. *See also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (not every "malevolent touch by a prison guard" violates the Eighth Amendment). To constitute an Eighth Amendment violation, a failure to protect claim requires that: (1) the deprivation alleged is "'objectively, sufficiently serious'"; and (2) the prison officials had a "'sufficiently culpable state of mind,'" acting with deliberate indifference. *Hearns*, 413 F.3d at 1040 (quoting *Farmer*, 511 U.S. at 834). Deliberate indifference entails more than mere negligence. *Id*. A prison official

does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

"Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (internal and other citations omitted). *See, e.g., Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (because "verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under" § 1983, inmate failed to raise a genuine issue as to a constitutional violation on the basis of the alleged abusive epithets); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim). Nor are allegations of mere threats cognizable as an Eighth Amendment claim under § 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong).

In this case, plaintiff in large part alleged verbal harassment by other inmates. Nor was it clear the physical assaults alleged rose to the level of an objectively, sufficiently serious deprivation implicating the Eighth Amendment. *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir 2012) (where correctional officer rubbed his thigh against inmate's thigh while inmate was on the toilet, "'began smiling in a sexual contact [sic],' and left the cell laughing[,]" the alleged "'humiliation'" suffered did not "rise to the level of severe psychological pain required to state an Eighth Amendment claim."; noting the Court had not found Eighth Amendment violations in situations involving more serious deprivations) (citing, *inter alia*, *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (no Eighth Amendment violation where female guards conducted visual

body cavity searches on male inmates and watched them shower, despite allegation guards pointed, joked, and "'gawked' at inmate").) Plaintiff further failed to plead facts allowing for a reasonable inference that the named defendants acted with deliberate indifference. In fact, the facts as alleged by plaintiff appeared to support the opposite inference and to suggest all three named defendants acted to protect plaintiff from harm.

In providing an opportunity to amend, the Court advised plaintiff that, to set forth a viable § 1983 cause of action, he must provide facts demonstrating he suffered objectively, sufficiently serious harm and that prison officials acted with deliberate indifference, such that they knew of and disregarded excessive risk to his health or safety. The Court directed plaintiff to provide facts setting forth how each named defendant violated his constitutional rights.

In the proposed amended complaint, plaintiff does not alter or provide any additional facts regarding the incidents of sexual harassment alleged. It therefore remains unclear as to whether the verbal harassment and physical assaults alleged by plaintiff rise to the level of an objectively, sufficiently serious deprivation implicating the Eighth Amendment. Plaintiff also, for the reasons set forth below, fails to identify other facts supporting viable Eighth Amendment causes of action against the individual named defendants.

Plaintiff again identifies Karlson's role as involving the passing on of plaintiff's report of sexual harassment to Smith. (Dkt. 8 at 2.) This allegation does not set forth facts supporting a constitutional violation committed by Karlson. Plaintiff explains that he names Anderson as a defendant because "Mr. Anderson found for the victimizers and essentially called me a liar." (*Id*.) He states: "I used the [Prison Rape Elimination Act (PREA)] Report System in good faith and was told I was not good enough for the claim – that's my take." (*Id*.) The mere fact Anderson did not resolve plaintiff's report of sexual harassment in his favor does not support an Eighth

REPORT AND RECOMMENDATION
PAGE - 5

Amendment or other constitutional violation.[1] Plaintiff's claims against Karlson and Anderson are, for these reasons, subject to dismissal.

Plaintiff also fails to set forth facts supporting an Eighth Amendment claim against defendant Smith. Plaintiff again states Smith moved him to another cell on the same unit. However, rather than setting forth facts demonstrating the deliberate indifference required to show an Eighth Amendment violation, plaintiff alleges negligent behavior by Smith. He contends Smith "neglected my safety when he did not remove me from the unit" and "may not have acted with malice but did act negligently by not protecting [my] person from attack & harassment." (*Id.*) He states "[n]egligence played a part in my continued sexual harassment and subsequent sexual assault" and that, despite purported "zero tolerance" under the PREA, he was harassed and assaulted "and tolerance was obviously there." (*Id.* at 3.) These allegations, taken together with the allegation of verbal harassment and two slapping incidents (Dkt. 5 at 3), are not reasonably construed as showing Smith knew of and disregarded an excessive risk to plaintiff's health or safety. An Eighth Amendment claim against Smith is also properly dismissed.

Plaintiff, in sum, does not set forth any viable claim against Karlson or Anderson, or a viable Eighth Amendment claim against Smith. As such, plaintiff's complaint as to Karlson and Anderson and his Eighth Amendment claim as to Smith should be dismissed.

C. <u>First Amendment Claim</u>

Plaintiff appears to assert another claim against Smith. That is, plaintiff alleges Smith "in

---

[1] It should also be noted that the PREA does not create a private right of action, enforceable under section 1983. *Olive v. Harrington*, No. 15-01276, 2016 U.S. Dist. LEXIS 125128 at *10-11 (E.D. Cal. Sep. 14, 2016) (citing other cases finding same). *See also Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997) (statutory provision gives rise to federal right enforceable under § 1983 where the statute unambiguously imposed a binding obligation on the States" by using "mandatory, rather than precatory, terms").

REPORT AND RECOMMENDATION
PAGE - 6

fact did threaten me by saying if I pursued the issue I would spend the remainder of my time in IMU." (Dkt. 8 at 2.) He also states Smith "did inadvertently threaten me with segregation if I pursued the matter which intimidated me from using any other course of action including other administrative remedies." (*Id*.) He maintains this threat "ended all administrative remedies for my cause unless I wanted to spend the remainder 58+ days in segregation." (*Id*. at 3.) This allegation appears to reflect a claim of retaliation in violation of plaintiff's First Amendment rights. *See Brodheim v. Cry*, 584 F.3d 1262, 1269-70 (9th Cir. 2009) ("'[A] retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights.'"; "Thus, the mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect.") (quoted and cited sources omitted), and *Blair v. Bethel School Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) ("To recover under § 1983 for such retaliation, a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.") The Court finds service on defendant Smith appropriate in relation to this claim.

## CONCLUSION

For the reasons discussed above, the Court recommends plaintiff's claims against defendants Washington State, the DOC, Karlson, and Anderson, and his Eighth Amendment claim against defendant Smith, be DISMISSED with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court further recommends that, following resolution of this Report and Recommendation, the undersigned direct service on

defendant Smith in relation to the First Amendment claim described above.[2]  A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 9, 2017**.

DATED this 17th day of May, 2017.

Mary Alice Theiler
United States Magistrate Judge

---

[2] Plaintiff also submitted a Motion for Jury Trial and Settlement Conference (Dkt. 6) which the Court herein STRIKES as premature.  Following service and receipt of an Answer, the Court will issue an Order regarding Pretrial Preparations setting relevant pretrial scheduling dates.  Should this matter not be resolved on summary judgment or other dispositive motion, the Court will direct the filing of a Joint Pretrial Statement in which the parties would address issues associated with settlement and trial.